IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRADLEY MORRIS,<br><br>        Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of the Social Security Administration,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER AWARDING ATTORNEY FEES UNDER 42 U.S.C. § 406(b)**<br><br>Case No. 2:20-cv-00663-TC<br><br>Judge Tena Campbell |

Plaintiff Bradley Morris's attorney, John J. Borsos, has filed an application for attorney fees under 42 U.S.C. § 406(b). Mr. Borsos requests approval of $19,130.75 in attorney fees, of which he asks that the Social Security Administration pay him $12,430.75, an amount that accounts for payments that have already been made to Mr. Borsos under the Equal Access to Justice Act (EAJA). (Mot. Attorney Fees, ECF No. 27.) The Commissioner does not oppose the request. (See Def.'s Resp., ECF No. 29 at 2.) Similarly, Mr. Morris has not objected to the requested award.

For the following reasons, the court finds that the requested amount is reasonable and grants the motion.

## BACKGROUND

Around July 17, 2014, Mr. Morris retained Mr. Borsos to represent him in his claims for social security benefits. (See Attorney Fee Agreement, ECF No. 27-3.) The written attorney fee agreement between Mr. Morris and Mr. Borsos allowed Mr. Borsos to charge 25% of Mr. Morris's full back benefit if Mr. Morris were awarded benefits. (See id.)

1

Mr. Borsos filed an action for judicial review of the Commissioner's denial of benefits on January 12, 2018. (Compl., ECF No. 2 in Case No. 2:18-cv-96.) On September 18, 2018, Magistrate Judge Dustin B. Pead reversed the Commissioner's decision and remanded the case under sentence four of 42 U.S.C. § 405(g). (Order, Sept. 18, 2018, ECF No. 20 in Case No. 2:18-cv-96.) Judge Pead awarded Mr. Borsos $5,000 in EAJA attorney fees for work performed before September 22, 2020. (See Order, Dec. 13, 2018, ECF No. 25 in Case No. 2:18-cv-96.)

Following a second adverse determination by an Administrative Law Judge (ALJ), Mr. Borsos filed the above-captioned action. The Commissioner requested another remand, which the court granted on May 17, 2021. (Order, May 17, 2021, ECF No. 23.) The court awarded Mr. Borsos an additional $1,700 in EAJA attorney fees for work performed between September 22, 2020, and May 17, 2021. (Order, May 28, 2021, ECF No. 26.)

During the second remand, Mr. Morris received a third unfavorable decision and subsequently filed a third request for review by the Appeals Council. (ECF No. 27 at 3.) The Appeals Council remanded the case for a fourth hearing in front of the ALJ. (Id.) On February 7, 2025, the ALJ issued a hearing decision finding that Mr. Morris was disabled from December 31, 2014, through May 22, 2017. (Id.) On March 25, 2025, Mr. Morris received a Notice of Award letter informing him that he would receive $57,446.25 in past-due benefits, with an additional $19,130.75 set aside for attorney fees.

Mr. Borsos now moves the court to approve the attorney fee agreement and authorize an award of contingent fees of $19,130.75. Because he has already received $6,700 in EAJA attorney fees, Mr. Borsos requests that the court order the Social Security Administration to pay him $12,430.75.

## ANALYSIS

Under 42 U.S.C. § 406(b), an attorney who successfully represents a Social Security claimant may be awarded "a reasonable fee … not in excess of 25 percent of the total of the past-due benefits …." The Supreme Court has held that district courts must review contingent fee agreements "as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). In other words, the twenty-five percent boundary operates as a cap and the court may reduce the amount of fees in a particular case if warranted.

Factors that might warrant the reduction of a contingent fee include: 1) "the character of the representation and the results the [attorney] achieved"; 2) any delay for which the attorney is responsible "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court"; and 3) the court's determination that "the benefits are large in comparison to the amount of time counsel spent on the case …." Id. at 808.

Here, the court finds that Mr. Borsos's requested fee award of $19,130.75 is not in excess of the twenty-five percent cap and that his request is reasonable. First, Mr. Borsos achieved a significant award of past-due benefits for Mr. Morris. Second, there is no indication that Mr. Borsos delayed pursuing Mr. Morris's claims. Finally, the court finds that the fee request is reasonable compared to the amount of time spent on the case. Mr. Morris's claims went through multiple appeals and remands, and Mr. Borsos estimates that he spent over 60 hours pursuing Mr. Morris's claims in federal court and over 200 hours pursuing those claims in front of the Social Security Administration. (See Litigation History, ECF No. 31-2.) Considering only the 60 hours that Mr. Borsos spent on this matter in federal court, his hourly rate would be $318.85 for an award of $19,130.75. This hourly rate is reasonable given the additional work performed

during multiple remands and considering that Mr. Borsos assumed the risk of not receiving any fees under the contingent fee agreement. The court also notes that Mr. Morris does not oppose the requested fees, which further indicates that the requested fees are reasonable and warranted.

When an attorney receives fees under both the EAJA and 42 U.S.C. § 406(b), "the claimant's attorney must refund to the claimant the amount of the smaller fee." Gisbrecht, 535 U.S. at 796. Here, rather than requesting that the Social Security Administration pay him $19,130.75 (after which he would then refund $6,700 to Mr. Morris), Mr. Borsos instead requests that the court order the Social Security Administration to pay him a net amount of $12,430.75. The Commissioner takes no position on the request for a netted award (see ECF No. 29 at 3) and the court finds that such a request is reasonable.

## ORDER

For the reasons stated above, the court finds that the requested fee is reasonable under the contingent fee agreement between Mr. Borsos and Mr. Morris. The court authorizes Mr. Borsos to receive an award under 42 U.S.C. § 406(b) for $19,130.75. And because he has already received an EAJA award for $6,700, the court finds that it is reasonable to order the Social Security Administration to pay Mr. Borsos a netted fee award of $12,430.75.

Accordingly, the court ORDERS as follows:

1. Mr. Borsos's motion for attorney fees under 42 U.S.C. § 406(b) is GRANTED. (ECF No. 27.) The court approves the contingent fee agreement between Mr. Borsos and Mr. Morris.

2. The Commissioner is ordered to pay $12,430.75 to John J. Borsos. This amount is to be paid out of Mr. Morris's past-due benefits in accordance with agency policy.

DATED this 8th day of July, 2025.

BY THE COURT:

_____
Tena Campbell
United States District Judge